Lajos Haklits, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*George J. Kanuck,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *George D. Wenick,* Assistant Attorney Gen-

eral, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 12, 1979:

In this appeal from the trial court's adjudication dismissing appellant's appeal from a six month suspension of his operating privileges, we have a challenge of the arresting officer's having reasonable grounds to believe that appellant had been driving a motor vehicle while under the influence of intoxicating liquor. All agree that this was necessary before appellant's refusal to take a breathalyzer test would justify the Secretary of Transportation suspending the operating privileges. Section 1547(a) of The Vehicle Code, 75 Pa. C.S. §1547(a) imposes the requirement of reasonable grounds. *See Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 377 A.2d 1024 (1977). What is unusual about this case is that the issue is not the sufficiency of the evidence to support reasonable grounds for believing appellant was intoxicated. This issue is the sufficiency of the evidence to support reasonable grounds for believing appellant was operating a motor vehicle.

While not admitted, the facts in the record are not controverted. The only witness who testified was the police officer who requested the appellant to take the breathalyzer test. The record does not indicate whether appellant was present at the *de novo* hearing but his attorney was. The police officer was not cross-examined. As indicated, appellant did not testify nor present any witnesses.

The bare facts are that the police officer was called to the scene of a hit-run accident. He was told by a witness that the hit-run vehicle was a white Chevrolet, the first three digits of the license number were

4B4. A piece of chrome was found at the scene. Approximately two or three minutes after the police officer arrived at the scene another "call was dispatched" to another potential accident some blocks away. The police officer proceeded to the second scene and found a white Chevrolet with a fender damaged. It was in a hazardous position on the highway. The first three digits of its registration were 4B4. The piece of chrome "matched" the damaged fender. The engine was warm.

The appellant was standing on the sidewalk. The police officer testified without objection—"That car, the white Chevrolet belonged to Mr. Haklits [appellant]." The police officer testified, further and without objection:

Q. What did you observe about Mr. Haklits?

A. Mr. Haklits appeared to be intoxicated. He was swaying a little bit from side to side. His speech was slurred. It appeared that he was under the influence of alcohol.

Q. Did you observe anything else about him or his person?

A. He did smell of alcohol at the time.

Q. Did you believe that Mr. Haklits was driving the automobile?

A. Yes, sir. We could find nobody else that was with him. At the time, the car was parked in a hazardous manner.

To state the facts is to make it transparently clear that the trial court was entirely justified in concluding that the police officer had reasonable grounds to believe appellant was the driver of the white Chevrolet and was doing so under the influence of intoxicating liquor. It is not necessary that any witness see the appellant operating the vehicle. In *Department of Transportation, Bureau of Traffic Safety v. Dreis-*

*bach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976) the "driver" was found on the floor of the car and we reversed the trial court for finding that, since the testimony did not show whether it was the front or the back floor area, there was no reasonable ground to believe he was the driver.

It is too late to here challenge the method of proving that appellant owned the car by the officer making the above quoted statement. The time to challenge that statement was at the trial which was not done. Nor is there any support in the law for appellant's objections that the statements of the person at the first scene were inadmissible as hearsay. The statements were not offered to establish their truth but merely that they were made and acted upon by the officer. *See Commonwealth v. Jacobs,* 445 Pa. 364, 284 A.2d 717 (1971), *cert. denied,* 409 U.S. 856 (1972).

Accordingly, we will enter the following

ORDER

AND Now, July 12, 1979, the adjudication of the Court of Common Pleas of Lehigh County, Civil Action—Law dated April 10, 1978, in No. 471 January Term, 1978, dismissing the appeal is affirmed.