James G. White, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 10, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Frederick O. Brubaker,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, May 4, 1981:

James G. White appeals from an order of the Secretary of Transportation suspending his motor vehicle operating privileges for six months because of

his refusal to submit to a breathalyzer test;[1] the Court of Common Pleas of Berks County upheld the order on appeal, but granted a supersedeas pending our decision of the case.

The events leading to appellant's arrest on November 26, 1979 for driving under the influence began when an off-duty police officer observed a green pickup truck driving across his mother-in-law's lawn in Chester County. After notifying the State Police, the officer and his brother-in-law gave chase; they found the truck parked in a driveway three miles down the road. The record indicates that the pursuers did not actually see the appellant driving the vehicle; as they pulled up behind the parked truck, appellant was standing on the porch of the house.

When the arresting officer, a state trooper, arrived shortly thereafter, appellant was leaning against the truck; the trooper testified that he smelled alcohol on appellant's breath, that appellant's eyes were bloodshot and glassy and he was unable to stand on his own. When asked to estimate the time, appellant replied that it was approximately 4:30 in the morning when, in fact, it was 8:00 in the evening. The trooper also observed the appellant get down on his hands and knees, pull up handfuls of grass, and put them in his mouth.[2]

The trooper placed appellant under arrest, took him to the police barracks and prepared to administer the breathalyzer test. Despite the trooper's warning that refusal to submit to the test would result in a six-month license suspension, appellant would not take the test.

---

[1] Section 1547(b)(1) of the Vehicle Code, Act of June 17, 1976, P.L. 162, *as amended*, 75 Pa. C. S. §1547(b)(1).

[2] Appellant later explained this unusual behavior by stating that he customarily chewed grass when he was out of chewing tobacco.

Appellant appealed the suspension of his license to the court below, contending that the arresting officer did not have reasonable grounds to believe that he was driving under the influence, and that he had not refused to submit to the breath test.

At that hearing, the Commonwealth called the appellant to the stand to ask if he had been driving the truck at 8:00 p.m. on November 26, 1979. The appellant refused to reply, claiming the privilege against self-incrimination.

Two weeks before the hearing, the criminal charge of driving under the influence had been dismissed when the jury failed to reach a verdict.

Citing that dismissal, the judge ordered appellant to answer the question, statting:

Inasmuch as all the criminal charges have been disposed of and you cannot be charged with any of these events again, you must answer.

Appellant then admitted that he had been driving the vehicle, which was registered in the name of Riverside Auto Sales.

The court dismissed the license suspension appeal, concluding that the trooper had probable cause to believe the appellant had been driving while intoxicated.

Appellant now asks us to sustain his appeal from the license suspension because the court erred in compelling him to testify against himself after he claimed the privilege against self-incrimination.

In order to justify the suspension of a motorist's operating privilege for refusal to submit to a breathalyzer test, it is necessary for the arresting officer to have "reasonable grounds" to believe the person charged with the violation had been driving while intoxicated. 75 Pa. C. S. §1537(b)(1), *Bureau of Traffic Safety v. Schultz*, 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). If a reasonable person in the posi-

tion of the trooper, viewing the facts and circumstances as they appeared at the trial, could have concluded that the motorist had operated the vehicle while under the influence of alcohol, such reasonable grounds are established. *Bruno v. Commonwealth of Pennsylvania, Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980). We note that an officer's reasonable belief is not rendered ineffective even if later discovery might disclose that the motorist was not in fact driving. *Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

In *Haklits v. Commonwealth,* 44 Pa. Commonwealth Ct. 198, 418 A.2d 772 (1979), the arresting officer found the appellant standing on the sidewalk near a car matching a dispatched description of a vehicle involved in a hit and run accident. Judge (now Justice) WILKINSON, in holding that the officer had reasonable grounds to believe that person had been driving the car, stated: "it is not necessary that any witness see the appellant operating the vehicle." *Id.* at 200, 418 A.2d at 773. *See also Dreisbach, supra; Wilson v. Commonwealth,* 53 Pa. Commonwealth Ct. 343, 417 A.2d 867 (1980).

Our review[3] of the record supports the court's conclusion that the trooper had reasonable grounds to believe that appellant was the driver of the truck and that he was doing so while intoxicated. The circumstances surrounding the arrest and the events culminating in it would clearly lead a reasonable person to

---

[3] Where an operator's license has been suspended under 75 Pa. C. S. §1547(b)(1), our function on review is to determine whether the findings of the lower court are supported by competent evidence, whether an error of law was committed, or whether a manifest abuse of discretion occurred. *Bruno v. Commonwealth of Pennsylvania, Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

160

believe that the appellant had been driving the truck. This conclusion is further supported by the trooper's testimony that, when he arrived on the scene, the off-duty policeman told him that the appellant was the driver of the truck.[4]

Because the Commonwealth met its burden of proving the requisite elements for a Section 1547 license suspension,[5] appellant's refusal to submit to the test justified the six-month loss of privilege.

Accordingly, finding no error below,[6] we affirm.

---

[4] This statement was later contradicted by the off-duty policeman's testimony at the criminal trial, where he apparently denied that he saw appellant operating the truck. However, the truth of the statement does not affect its legitimacy as a basis for the trooper's belief.

[5] The Secretary properly suspends a motor vehicle operator's license when the Commonwealth proves that an arresting officer had reasonable grounds to believe the licensee had been driving while intoxicated, that the licensee was arrested and so charged, that the licensee was requested to submit to a breath test and that he refused to submit to such test. *Wilson v. Commonwealth, supra.*

[6] Moreover, the compulsion of appellant to testify does not appear to warrant disturbance of the court's conclusion. The privilege against self-incrimination embodied in Article I, §9 of our Constitution is confined to instances where a witness has reasonable cause to apprehend danger, of criminal prosecution from a direct answer. *U.S. ex rel. Yates v. Rundle,* 326 F. Supp. 344 (E.D. Pa. 1971). The court's function is to determine whether silence is justified and, if not, to require the witness to answer.

Some confusion appeared to exist as to certain undisclosed summary offenses, also arising out of the incident, with which appellant was charged. Appellant argues that the dismissal of the drunken driving charge did not bar criminal punishment for those summary offenses, but he cites no authority for this proposition.

The Superior Court has held that, where evidence to be presented on a indictable offense applies equally to, and is dispositive of, the summary offense, both may be decided in the same hearing. *Commonwealth v. Dawkins,* 216 Pa. Super. 198, 264 A.2d 722 (1970).

In the *Dawkins* case, although the jury returned a not guilty verdict on the indictable offense, the judge found the defendants guilty of the summary offense.

ORDER

Now, May 4, 1981, the order of the Court of Common Pleas of Berks County, No. 94 February, 1980, dated March 24, 1980, dismissing appellant's appeal, is affirmed.

Here, appellant introduced no evidence to indicate any conclusion but that the judge dismissed the summary offenses along with the drunken driving charge at the conclusion of the jury trial. Therefore, we cannot sustain his claim that he still may be subject to punishment for those offenses as the result of his compelled testimony in the civil proceeding.

Thus, the court's ruling here was based on a rational assessment of the status of the criminal charges against the appellant. The dismissal of those charges effectively freed appellant from any threat of further prosecution barred by the proscription against double jeopardy in Article I, §10.