David Sean Duhig, Appellant v. Commonwealth of Pennsylvania, Appellee.

Submitted on briefs September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Dennis J. Clark,* for appellant.

*Stephen Dittmann,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, October 27, 1982:

David Sean Duhig (licensee) appeals an order of the Court of Common Pleas of Allegheny County, which affirmed the Department of Transportation's decision to suspend his driver's license under Section 1547 of The Vehicle Code, 75 Pa. C. S. §1547(b), on the ground that he refused to submit to a breathalyzer test. We affirm the suspension.

On June 15, 1980, a Shaler Township police officer, who was summoned to an accident involving the licensee, requested the licensee to go to the police station to take a breathalyzer test. However, the licensee refused to take the test, although the officer told him that such a refusal would result in an automatic suspension of his driver's license.

First, the licensee contends that the trial court erred in holding that the officer had reasonable grounds to request a breathalyzer test because the officer did not see the licensee drive his vehicle before the accident.

In *Bruno v. Pennsylvania Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 357, 422 A.2d 217, 218 (1980), we held that the only valid inquiry at a de novo hearing concerning whether an officer had a sufficient basis to make an arrest for driving while intoxicated is whether, "viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor."

Here, the officer's testimony constitutes substantial competent evidence that he acted reasonably in ordering the licensee to take a breathalyzer test. He testified that he saw the licensee in the driver's seat of one of the vehicles involved in the accident, and that the licensee had alcohol on his breath and was incapable of walking in a straight line. Viewing the trial court findings within our limited scope of review,[1] we perceive no error.

Secondly, the licensee contends that his physical condition (somewhat debilitated because of his drinking, the car crash, and a scuffle with the arresting officers), combined with the accompanying psychological trauma, rendered him incompetent to give an intelligent and willful refusal. However, we have held that, after the Commonwealth has demonstrated that one has refused to take the breathalyzer test, "the burden is upon the defendant to prove by competent evidence that he was physically unable to take the test." *Department of Transportation, Bureau of Traffic Safety v. Tantlinger,* 29 Pa. Commonwealth Ct. 536, 538, 371 A.2d 1037, 1038 (1977). The record also supports the trial court's holding that the licensee did not meet this burden.

Accordingly, the decision of the common pleas court is affirmed.

### ORDER

Now, October 27, 1982, the decision of the Court of Common Pleas of Allegheny County is hereby affirmed.

---

[1] In an appeal arising from the suspension of a motor vehicle driver's license, the action of the trial court will not be disturbed unless its findings are not supported by competent evidence, it made erroneous conclusions of law, or its decision exhibits a manifest abuse of discretion. *Ewing v. Commonwealth,* 39 Pa. Commonwealth Ct. 387, 395 A.2d 666 (1978).