## Lawrence E. Saunders, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 2, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*John W. Murtagh, Jr., Greenfield & Murtagh,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, June 1, 1983:

Lawrence E. Saunders appeals from an order of the Court of Common Pleas of Allegheny County which upheld the Bureau of Traffic Safety (Bureau) in suspending his motor vehicle operating privileges for a six-month period because he refused to submit to a breathalyzer examination. Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

The facts as found by the trial court are that Saunders was observed in his vehicle, stopped at a red light on Liberty Avenue, Pittsburgh, Pennsylvania by Officer Robert J. Reed of the City of Pittsburgh Police Department. Officer Reed testified that Saunders' car was heavily damaged on the front end, that the radiator was steaming, that, when he approached the said vehicle, he detected a heavy aroma of alcohol, and that

he believed Saunders to be intoxicated. When Saunders was asked to take a breathalyzer examination, however, he refused. The Bureau of Traffic Safety consequently suspended Saunders' motor vehicle operating privileges for a six-month period, and he appealed. The trial court upheld the suspension, and the instant appeal followed.

Before us[1] Saunders argues only[2] that there is no evidence in the record to support a finding that he was *driving* a vehicle and that his motor vehicle operation privileges, therefore, cannot be suspended under Section 1547(b) of the Vehicle Code.

The Commonwealth counters that, in a civil appeal from a license suspension for a refusal to submit to a breathalyzer test, the burden on the Bureau to establish that a licensee was driving while intoxicated is less severe than the burden would be upon the Commonwealth in a criminal proceeding concerning the offense of driving while under the influence of alcohol, and that the Commonwealth has met its burden here.

We have recognized that in a breathalyzer suspension appeal the Bureau must prove, among other things,[3] that the arresting officer had *reasonable grounds* to believe that the licensee had been driving while intoxicated. *Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

---

[1] Our review in an appeal from the suspension of a motor vehicle driver's license is limited to whether or not the trial court's findings are supported by competent evidence, it erred as a matter of law, or if its decision amounts to a manifest abuse of discretion. *Duhig v. Commonwealth*, 69 Pa. Commonwealth Ct. 478, 451 A.2d 1045 (1982).

[2] Saunders does not challenge the other requisites to a suspension based on a refusal to submit to a chemical test. For a list of these requisites see *Wilson v. Commonwealth*, 53 Pa. Commonwealth Ct. 342, 417 A.2d 867 (1980).

[3] See footnote 2, *supra*.

In the case at hand, Officer Reed testified that he had observed Saunders in his automobile stopped at a red light with his automobile heavily damaged and the radiator steaming. Additionally, Officer Reed testified that he had received a police call that there was a wrecked vehicle proceeding down the street in the easterly direction and that, soon after this call, he observed Saunders in his vehicle (facing east) at the red light referred to above.

Considering the circumstances[4] surrounding the incident and the evidence adduced below, we believe that Officer Reed had reasonable grounds to believe Saunders was driving while intoxicated.

Accordingly, we will affirm the trial court's order.

### ORDER

AND Now, this 1st day of June, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

[4] In *Duhig*, we held that a police officer had reasonable grounds to believe that a licensee had been driving while intoxicated when said officer observed the licensee in the driver's seat in one of the vehicles involved in an accident.