Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Sylvan Goldman, Appellee.

Submitted on briefs Sepetember 10, 1984, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

Opinion by Judge MacPhail, November 2, 1984:

The Department of Transportation, Bureau of Traffic Safety (DOT), appeals from an order of the Court of Common Pleas of Allegheny County which sustained a demurrer to DOT's evidence[1] in a hearing on the appeal of Sylvan Goldman (Appellee) to the suspension of Appellee's motor vehicle operator's license.

DOT suspended Appellee's driver's license pursuant to Section 1547(b) of the Vehicle Code (Code),

---

[1] A demurrer to the evidence is a motion reserved to criminal proceedings. Pa. R. Crim. P. 1124(a)(1). The test to be applied by the trial court in ruling on the demurrer is whether the Commonwealth's evidence and all reasonable inferences arising therefrom are sufficient to support a verdict of guilty beyond a reasonable doubt. *Commonwealth v. Petrie,* 277 Pa. Superior Ct. 239, 419 A.2d 750 (1980). In civil cases such as the case *sub judice,* of course, DOT need only prove its case by a preponderance of the evidence. The trial judge clearly erred in granting the motion in this statutory appeal.

75 Pa. C. S. §1547(b), for his refusal to submit to a breathalyzer test following his arrest for driving while under the influence of alcohol.

While not admitted, the facts in the record are not controverted. Officer Gremba, DOT's only witness, testified that on October 16, 1980, county police officers observed a motorist believed to have been under the influence of alcohol. In response to that information, Gremba was dispatched to 264 Connecting Drive, Mt. Lebanon to locate the driver and the vehicle in question. Approximately eight minutes after he received the dispatch, Officer Gremba arrived at that address. The vehicle was parked in the driveway, and Appellee was standing alone next to the driver's door. Officer Gremba observed that Appellee had a hard time locating his driver's license and owner's card, even though both items were easily visible to the officer. Additionally, Officer Gremba noticed a heavy odor of alcohol about the Appellee's person. Based upon these observations, Officer Gremba arrested Appellee for driving under the influence of alcohol and took him to the police station where, after giving him the necessary warnings, Appellee twice refused to take a breathalyzer test. Thereafter, DOT notified Appellee that his operating privileges were being revoked for a six month period.

Appellee filed a timely appeal, and at the hearing held on February 17, 1981, Officer Gremba testified as to his observations. However, the court below refused to admit testimony from Officer Gremba in response to questions by DOT's counsel concerning what happened prior to his arrival. The court reasoned that the officers who observed Appellee in the vehicle were not present to testify and that it would be hearsay for Officer Gremba to testify as to what they told him. The court below then found as facts that the Appellee was not driving the vehicle in question and that

no cause existed to submit Appellee to a breathalyzer test.[2]

To uphold suspensions under Section 1547 of the Code, DOT must prove the following: (1) that the licensee was placed under arrest upon the charge of driving while intoxicated, and that the arresting officer had reasonable grounds to believe that the licensee was driving while intoxicated; (2) that the licensee was requested to submit to a breathalyzer test; (3) that he refused to do so; and (4) that the licensee was warned that a suspension or revocation of his license would follow from a refusal to submit to a breathalyzer test. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979).

In *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 357, 422 A.2d 217, 218 (1980), we held that the only valid inquiry at a de novo hearing concerning whether an officer had a sufficient basis to make an arrest for driving while intoxicated is whether a reasonable person in the position of the arresting officer could have concluded that the motorist had operated the vehicle while under the influence of alcohol. *See Duhig v. Commonwealth,* 69 Pa. Commonwealth Ct. 478, 451 A.2d 1045 (1982). An officer's reasonable belief is not rendered ineffective even if later discovery might disclose that the motorist was in fact not driving. *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981); *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

There is no support for the trial court's conclusion that the information told to Officer Gremba by the county officers was inadmissible as hearsay. DOT did

---

[2] We have not been favored with a brief from the Appellee in this appeal.

not offer that evidence to establish the truth of the matter asserted but merely to show that the arresting officer had a reasonable basis for assuming that the Appellee was driving under the influence. *Haklits v. Commonwealth,* 44 Pa. Commonwealth Ct. 198, 418 A.2d 772 (1979). We hold that the court below erred in excluding Officer Gremba's testimony as hearsay. *See Quinlan.* We will remand this case for a rehearing.

### ORDER

The order of the Court of Common Pleas of Allegheny County, dated February 17, 1981, is reversed and the case is remanded to the court for a hearing consistent with this opinion.

Judge CRAIG did not participate in the decision of this case.