# Commonwealth v. Robinson

*Marie Inyang,* assistant counsel, for Commonwealth.

*John McNally,* for defendant.

BIEHN, *J.,* February 15, 1985 — Petitioner has appealed to the Commonwealth Court of Pennsylvania from our order dated December 14, 1984 denying his appeal. Petitioner's license was suspended for one year by the Department of Transportation as a result of his refusal to submit to a blood test as required by section 1547 of the Vehicle Code, Chemical testing to determine amount of alcohol or controlled substance. 75 Pa.C.S. §1547.

At the hearing held before this court on December 13, 1984, Patrolman Albert DeNoe of Ambler Borough testified as follows. He stopped petitioner's car after he observed it traveling at a high rate of speed and failing to stop at a red light. After notifying his sergeant who then arrived at the scene, the officer asked petitioner to produce his driver's license or owner's registration card which he was unable to do. The officer detected an odor of alcohol on petitioner's breath as well as observed

that petitioner slurred his speech and had a swaying gait.

When the patrolman attempted to arrest petitioner, a fight broke out and it took several officers to subdue petitioner during which time Officer DeNoe hit him on the head with a blackjack.

Petitioner was taken to the police station, but due to his violent behavior was transferred to the Norristown State Mental Hospital where he was treated and released after being diagnosed as not needing mental help. He was returned to the police station and at this point was asked to take a breathalyzer test which he agreed to do.

Officer DeNoe was not qualified as an operator on the machine and therefore the test was administered by Sergeant Wagner. Officer DeNoe testified that the sergeant told him the machine was malfunctioning. Petitioner was then asked to submit to a blood test but refused despite being warned that his license would be suspended based on his refusal.

Petitioner was arrested at approximately 3:05 a.m. He was not asked to take any field sobriety test. He was asked to submit to the breath test at approximately 5:30 a.m. The record reflects, by stipulation of counsel, that petitioner was an inpatient at Eugenia Mental Hospital for 37 days immediately after his arrest.

Petitioner contends that his suspension is improper and illegal because he voluntarily submitted to a chemical test of his breath. In support of his position he cites Commonwealth v. Swearman, 15 D. & C. 3d 104, 108 (1980), in which the court held that a person who agrees to a chemical test of his breath may not have his operating privileges suspended for refusing a chemical test of his blood after it is discovered that the breathalyzer machine has

malfunctioned. We do not find this case persuasive.

Since the above decision was handed down, section 1547 has been amended to read as follows:

"(a) General Rule. — Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests of breath, blood or urine* for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance or both; or

(2) which was involved in an accident in which the operator or passenger of any vehicle involved, or a pedestrian required treatment at a medical facility or was killed." (Emphasis added). 75 Pa.C.S. §1547.

Formerly, section 1547 required that a person submit to a chemical test of breath or blood. It is obvious that with the above change in the law, the legislature intended that a motorist must submit to more than one test if requested to do so.

As petitioner is required by law to submit to more than one test, the fact that he agreed to the breath test does not change the consequences of his refusal to submit to the blood test. Further, we do not find that the questioned malfunctioning of the machine nor the delay between the arrest and the request for chemical testing have any bearing on the issue before us.

We find, based on the facts before us, that (1) petitioner was placed under arrest for driving while under the influence of alcohol and that the arresting officer had reasonable grounds to believe that petitioner was driving under the influence of alcohol;

(2) petitioner was requested to submit to chemical testing; (3) petitioner refused to submit to a blood test; and (4) petitioner was properly warned that his refusal would result in his license being suspended. See Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Goldman, 86 Pa. Commw. 14, 482 A.2d 1383, 1384 (1984), for requirements to uphold suspensions under former section 1547.

We have also reviewed the other issues raised by petitioner, that he was stopped without probable cause and that he was arrested without reasonable grounds to believe that he was operating his vehicle while under the influence of alcohol. We find both contentions to be without merit.

Accordingly, we denied petitioner's appeal.