538 A.2d 639

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* John J. Terreri, Appellee.

Submitted on briefs January 19, 1988, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*James M. Ecker, Ecker, Ecker & Ecker,* for appellee.

OPINION BY JUDGE CRAIG, March 2, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County, reversing DOT's suspension of the motor vehicle license of John Terreri for his refusal to submit to a breathalyzer test.[1] We reverse.

The facts as found by the trial court are as follows. Terreri drove his vehicle over a cliff. A police officer arrived at the scene of the accident and observed Terreri climbing up the hillside. While interviewing Terreri concerning the accident, the officer detected a strong odor of alcohol on his breath and observed that Terreri staggered and slurred his speech. Terreri refused any medical assistance and refused to be transported to the hospital. The officer concluded that Terreri had operated the vehicle while intoxicated, and placed him under arrest.

The officer transported Terreri to the police station to conduct a breathalyzer test. The police informed Terreri that he did not have to submit to the test but that, if he refused to do so, he would lose his driver's license for 1 year. Terreri refused to take the breathalyzer test.

Because of Terreri's refusal to take the breathalyzer test, DOT suspended his driver's license pursuant to 75

---

[1] 75 Pa. C. S. §1547(b)(1).

Pa. C. S. §1547(b)(1). Terreri appealed to the Court of Common Pleas of Allegheny County, which reversed the determination of DOT.

Our review in a driver's license suspension is limited to determining whether or not the findings of the trial court are supported by substantial evidence and whether or not the trial court committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Cohen,* 99 Pa. Commonwealth Ct. 466, 512 A.2d 1365 (1986).

In order to justify the suspension of a driver's license for refusing to submit to a breathalyzer test, the arresting officer must have "reasonable grounds" to believe that the individual had been operating a motor vehicle while intoxicated. *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981). Reasonable grounds exist if a reasonable person in the position of the officer, viewing the facts and circumstances as they appeared at the trial, could have concluded that the motorist had operated the vehicle while under the influence of alcohol. *Id.*

The trial court concluded that DOT had failed to prove that the officer had reasonable grounds to believe that Terreri had operated his automobile while intoxicated. Specifically, the judge stated:

> Although the arresting officer seemed certain that the Defendant was driving under the influence of alcohol, the officer never actually observed the Defendant operating the vehicle. He only observed the Defendant after the Defendant was climbing a hillside after driving 75 feet down a cliff in an attempt to avoid another vehicle. It appeared to this member of the court that whether the defendant's behavior after the police arrived was a result of the drop over the cliff or whether it resulted from causes enjoined

by the Motor Vehicle Code. This was not proved with the necessary quantum of proof and that even though the officer smelled alcohol on the Defendant's breath, there was no tight nexus between that conclusion of the officer and 'operating while under the influence of intoxicants'.

. . .

A careful reading of the portion of the trial court's opinion quoted above reveals that the trial court did not apply the appropriate standard to determine whether or not the officer had reasonable grounds to believe that Terreri operated his vehicle while intoxicated. The trial court, rather than making a determination that "the necessary quantum of proof" did not exist to show that Terreri's actions were the result of alcohol or the drop over the cliff, should have determined, as required by *White*, whether a reasonable person in the position of the officer could have concluded that Terreri had operated his vehicle while intoxicated.

Because the trial court committed an error of law in making its determination that the officer did not have "reasonable grounds", we will review the evidence in accordance with the standard delineated in *White*.

The trial court expressly *found* that the "[d]efendant was operating a motor vehicle," and that the "officer observed Defendant operating the vehicle in an erratic manner, *viz:* drove his vehicle over a cliff." Additional express findings were as follows: The officer smelled the strong odor of alcohol on Terreri's breath. Terreri staggered and slurred his speech. Terreri refused medical assistance and refused to go to a hospital.

Under these facts, stated as findings *found* by the trial judge, a reasonable person in the police officer's position could conclude that Terreri had operated his vehicle while intoxicated.

Accordingly, we reverse.

## ORDER

Now, March 2, 1988 the order of the Court of Common Pleas of Allegheny County, at No. SA 338 of 1986, dated May 7, 1986, is reversed.