540 A.2d 993

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* David J. Olenick, Appellee.

Submitted on briefs March 21, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert M. Rovine,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, for appellant.

*Carl N. Frank,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 3, 1988:

The Commonwealth Department of Transportation, Bureau of Traffic Safety (DOT), suspended David J. Olenick's operator's license for one year for refusing to submit to a blood chemical test. 75 Pa. C. S. §1547(b)(1). The Luzerne County Common Pleas Court sustained Olenick's appeal. DOT now appeals; we reverse the common pleas court order and reinstate the suspension.

A Swoyersville Police Department officer responded to a call and found Olenick standing behind a vehicle which had run into a residence. Observing Olenick to be groggy, glassy-eyed, unstable and smelling of alcohol, the officer placed him under custody and investigated. The Swoyersville Police Chief informed the officer that, while working on his front lawn, he had observed Olenick driving the vehicle ten to fifteen minutes prior to the accident. Olenick was placed under arrest and was asked to submit to a blood chemical test, which he refused. The officer warned him that a refusal would result in a suspension. The common pleas court concluded that DOT failed to establish that Olenick was the operator of the vehicle at the time of the accident. It credited Olenick's testimony that after passing the Chief's house and stopping at a park, a friend agreed to drive.

To justify a suspension under Section 1547(b), an arresting officer must have "reasonable grounds" to believe the person charged with the violation had been driving while intoxicated. *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981). Such a standard is met if a reasonable person in the position of the arresting officer could have concluded that the motorist had operated the vehicle while under the influence of alcohol. *Id.* It must be emphasized that an officer's reasonable belief is not rendered ineffective even if later discovery might disclose that the motorist was not in fact driving. *Id.*

DOT contends that the Police Chief's disclosure, combined with the officer's observation establish reasonable grounds for arrest at the scene. We agree.

The testimony herein validates the officer's actions. Finding Olenick in an unstable condition and being informed that he had just been witnessed driving the vehicle, the officer had reasonable grounds to make the

arrest. Although Olenick testified that he refused the test because he was not driving, his failure to identify the driver at the accident scene supports the reasonableness of the officer's conclusion. We hold that the common pleas court erred in concluding that DOT failed to establish reasonable cause.

Finally, the officer stated that he may have informed Olenick that his license would only be suspended for six months for refusing. Although Section 1547(b) imposes a twelve-month suspension, we have held that this error is harmless and does not negate the validity of a warning because an officer is not required to state the length of suspension. *Department of Transportation, Bureau of Traffic Safety v. March,* 101 Pa. Commonwealth Ct. 171, 515 A.2d 661 (1986).

The order of the common pleas court is reversed, and the one-year suspension is reinstated.

## ORDER

The order of the Luzerne County Common Pleas Court, No. 104-C of 1987 dated February 20, 1987, is reversed. The one-year suspension imposed by the Department of Transportation is reinstated.

Judge COLINS dissents.