545 A.2d 1009

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Dale Michener, Appellee.

Submitted on briefs March 21, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold E. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Dale Michener,* appellee, for himself.

Opinion by Judge McGinley, August 19, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Montgomery County reversing a one year suspension of Dale Michener's driver's license for failure to submit to chemical testing pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

On September 20, 1986, Dale Michener and a recent female acquaintance, were proceeding to Michener's residence after a night of dancing when their car traveling at a high rate of speed was observed by Telford Police Officer William C. Snively. After the vehicle turned into Michener's driveway the officer approached and found Michener behind the wheel and the passenger on the passenger side. Suspecting an intoxicated driver, the officer asked Michener to perform a field sobriety test, namely, to recite the alphabet. Michener failed to get past the letter Q and was then asked to submit to chemical testing. Michener refused stating he was not the driver. The passenger insisted she was the driver and that the couple had changed positions in Michener's driveway. A driving under the influence charge was filed against Michener, but it was later dismissed. However, DOT suspended Michener's license for one year for the refusal to submit to chemical testing. Michener appealed to the Common Pleas Court which sustained his appeal and struck the suspension finding that neither was Michener driving nor did Officer Snively have reasonable grounds to believe Michener was driving. DOT appeals. We reverse.

DOT maintains that the officer did have reasonable grounds to believe that Michener was either driving or in actual physical control of the movement of the vehicle and was therefore entitled to ask Michener to submit to

chemical testing pursuant to Section 1547 of the Vehicle Code. In actuality, DOT challenges the sufficiency of the evidence supporting the trial court's conclusion that Michener was not driving and that the officer did not have reasonable grounds to believe Michener was driving.

Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *Department of Transportation v. Viglione,* 113 Pa. Commonwealth Ct. 198, 537 A.2d 375 (1988).

In the matter before us, both Michener and his companion testified that she was driving. Officer Snively testified he did not know who the driver was until he approached the driver's window because the back window of the car was fogged.

The trial court concluded that Michener was not the operator of the vehicle. However, that was not the issue before the trial court. The issue was whether the officer had reasonable grounds to believe that Appellee was operating the vehicle. The arresting officer testified he observed a vehicle traveling at a speed between 40 and 50 miles per hour at approximately 2:28 a.m. on Main Street in Telford Borough. After the suspect vehicle parked in a private driveway, the officer approached and observed the engine running and the keys in the ignition, and noticed that Appellee smelled of alcohol and was glassy eyed. As previously noted Appellee failed the alphabet sobriety test.

We must conclude that the trial court erred. There was substantial competent evidence that the arresting officer acted reasonably. *Duhig v. Commonwealth,* 69 Pa. Commonwealth Ct. 478, 451 A.2d 1045 (1982). Ad-

24

ditionally; it is well settled that when someone is in actual physical control of the movement of a vehicle an arresting officer has reasonable grounds under Section 1547. *Department of Transportation, Bureau of Traffic Safety v. Farner,* 90 Pa. Commonwealth Ct. 201, 494 A.2d 513 (1985).

The decision of the common pleas court is reversed and the suspension of operating privileges is reinstated.

## ORDER

Now, August 19, 1988, the order of the Court of Common Pleas of Montgomery County, dated January 12, 1987, at No. 86-16710 is reversed, and the suspension of driving privileges imposed by the Department of Transportation, Bureau of Driver Licensing is reinstated.