569 A.2d 425

**Brenda Lee POLINSKY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1989.

Decided Feb. 1, 1990.

84

Nicholas A. Quinn, Krasno & Krasno, Pottsville, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The sole issue before us in this driver's license suspension case is whether the arresting officer had reasonable grounds to believe that Brenda Lee Polinsky (Appellant) was operating her vehicle under the influence of alcohol.

The Court of Common Pleas of Schuylkill County, following a hearing de novo held on August 21, 1989, found the following pertinent facts. Trooper Reynold Wagner of the Pennsylvania State Police testified that he received a telephone call from the manager of a local fast food restaurant on May 10, 1989 at 1:20 a.m. to report that an individual was fast asleep behind the wheel of a blue Ford Bronco beside the restaurant's pick-up window and that the person could not be awakened. Trooper Wagner arrived at the scene approximately ten minutes later, where he and a local police officer tried for approximately ten minutes to awaken Appellant by banging on the windows of her car and eventually, by opening the car doors and shaking and nudging her. The car had its headlights on and its standard transmission was in gear with the ignition switch turned on, although the engine was not running.

When the officer succeeded in awakening Appellant, she became verbally abusive and refused to exit her vehicle. She finally did so with the officer's assistance. Trooper Wagner testified that he noticed the strong odor of alcohol when they opened the door of the vehicle, that he found two empty alcoholic beverage bottles, and that Appellant had difficulty standing without assistance. Believing Appellant to have been operating her vehicle under the influence of alcohol, Trooper Wagner advised her that she was being placed under arrest for that offense and would be taken to a local hospital for a blood alcohol test. Appellant ultimately refused to take the test and her license was suspended for one year.

We have held that an arresting officer has reasonable grounds to believe that a motorist is operating a vehicle under the influence of alcohol if a reasonable person in the officer's position, viewing the facts and circumstances as they appear to the officer at the time, could have reached such a conclusion. *Department of Transportation, Bureau of Driver Licensing v. Terreri*, 114 Pa. Commonwealth Ct. 208, 538 A.2d 639 (1988). We defined reasonable grounds as follows in *Department of Transpor-*

*tation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 204–05, 363 A.2d 870, 872 (1976):

Whether evidence is sufficient to constitute 'reasonable grounds' can only be decided on a case-by-case basis. The test, however, is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor. (Footnotes omitted.)

Appellant here relies solely upon our decision in *Fierst v. Commonwealth,* 115 Pa. Commonwealth Ct. 263, 266, 539 A.2d 1389 (1988), in support of her argument that Trooper Wagner did not have reasonable grounds. In *Fierst,* we held that the police officer did not have reasonable grounds for his belief that Fierst had been operating his vehicle in an intoxicated state. Fierst had been involved in a motor vehicle accident and left the scene. He was arrested at his home approximately one hour later, with a beer bottle in his hand, staggering and smelling of alcohol. Under those circumstances, we held that a reasonable police officer could not conclude that Fierst had been operating a vehicle while intoxicated.

The circumstances of the case before us are radically different. Appellant was in the driver's seat of her vehicle, which was parked beside the restaurant's pick-up window with the lights on and the ignition in the "on" position. The fact that she was not easily aroused, coupled with the smell of alcohol and the empty beverage containers, easily supports the inference that Appellant was intoxicated. While other inferences are certainly possible, that factor alone

does not render the arresting officer's belief unreasonable. *Keane v. Department of Transportation,* 127 Pa.Commonwealth Ct. 220, 561 A.2d 359 (1989).

Appellant argues that the arresting officer lacked reasonable grounds on three bases: he did not see her operate the vehicle and there had been no report of erratic driving; he did not ask her to perform field sobriety tests; and he did not testify that her speech was slurred or that she exhibited a staggering gait.

With respect to Appellant's first contention, there is no requirement that a police officer must actually observe the driver operating the motor vehicle. *Keane; Department of Transportation, Bureau of Traffic Safety v. Stewart,* 107 Pa.Commonwealth Ct. 200, 527 A.2d 1119 (1987); *Haklits v. Commonwealth,* 44 Pa.Commonwealth Ct. 198, 418 A.2d 772 (1979). It was reasonable for Trooper Wagner here to draw that conclusion given that Appellant was alone in the vehicle and in the driver's seat, and that her vehicle was next to the pick-up window with lights and ignition on, as opposed to being parked in the restaurant's lot.[1]

Appellant's second and third contentions are without merit in light of the trial court's findings that Trooper Wagner detected a strong odor of alcohol upon opening the door of the vehicle and that Appellant was abusive and had difficulty standing without assistance. There certainly is no requirement for a police officer to request sobriety tests of a person who is unable to walk without support. Further, while slurred speech may be indicative of alcohol consumption in some people, it is not a necessary factor in order to establish reasonable grounds. We cannot say that it was unreasonable for the police officer here to infer intoxication from Appellant's apparently clearly enunciated abusive and vulgar language. We find ludicrous the suggestion that an arresting officer must observe a staggering gait in order to have reasonable grounds, particularly where he has testi-

1. Although Appellant testified that she had parked the vehicle because she was tired, the trial court did not credit her testimony.

fied that the person he was placing under arrest needed assistance in order to stand.

For these reasons, we shall affirm the trial court's order upholding the suspension.

■ The Department of Transportation (Department) has raised one final issue for our consideration. It seeks attorney fees and damages for delay pursuant to Pa.R.A.P. 2744 for what it contends is a frivolous appeal. Pa.R.A.P. 2744 allows an appellate court to award reasonable counsel fees and delay damages at the rate of six percent for a frivolous appeal, which we have defined as one in which "no justiciable question has been presented and ... is readily recognizable as devoid of merit in that there is little prospect of success." *Hewitt v. Commonwealth,* 116 Pa. Commonwealth Ct. 413, 417, 541 A.2d 1183, 1184–85 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989) (citation omitted).

We agree with the Department that the instant appeal is frivolous. The sole authority Appellant has presented for her substantive position, *Fierst,* in which the motorist was arrested at his home, is inapplicable to the facts here, where Appellant was actually seated in the driver's seat of her vehicle. The proposition that an arresting officer need not personally view the motorist operate the vehicle is beyond argument. *See, e.g., Keane; Haklits.* In addition, Appellant's brief contains references to "facts" which are contrary to those found by the trial court, a practice which we will not sanction.[2]

For these reasons we will remand this matter to the trial court for a calculation of reasonable counsel fees and other damages as it deems just.

## ORDER

AND NOW, this 1st day of February, 1990, the order of the Court of Common Pleas of Schuylkill County in the

---

2. As a reviewing court, we are bound by those facts which we determine to be supported by the evidence. *Hewitt.* Because Appellant has not challenged the factual findings, they are conclusive and may not be disregarded.

above-captioned matter, upholding the license suspension of Brenda Lee Polinsky, is hereby affirmed. It is further ordered that the matter be remanded to the Court of Common Pleas of Schuylkill County for determination of counsel fees and other damages as provided by Pa.R.A.P. 2744.

Jurisdiction relinquished.