# PennDOT v. Starks

C.P. of Bucks County, no. 5569-94.

*Lee Silverman,* for plaintiff.
*Stanton Lacks,* for defendant.

WEAVER, *J.,* January 3, 1996—Licensee, Kennedy E. Starks, appeals from an order of this court of July 25, 1995, which denied his appeal from a one year suspension of his operating privilege and reinstated the suspension. A timely notice of appeal was filed with the Commonwealth Court on September 9, 1995. Pursuant to Pa.R.A.P. 1925(b), licensee now complains that the Department of Transportation has not met its burden of proof that reasonable grounds existed for the police officer to determine that licensee was operating or in actual physical control of a motor vehicle while under the influence of alcohol or controlled substance. Licensee also contends that the department failed to meet its burden of proof that licensee refused to submit to a chemical test.

## FACTS

On November 11, 1995, Officer Brookes, of the Morrisville Borough Police Department, was dispatched to the Americana Terrace Apartments, 371 Plaza Boulevard, to investigate a suspicious vehicle. Upon arriving at the aforesaid location, Officer Brookes found a running vehicle "parked on an angle with its right front tire up onto the curb with a subject behind the wheel." (N.T. 7/25/95, 3.) Licensee was slumped over the driving wheel with saliva running out of his mouth. A strong

odor of alcohol permeated his person as well as the vehicle. The officer requested that licensee vacate the vehicle and provide identification. Once the licensee unsteadily left the vehicle, the officer further observed his disheveled appearance, bloodshot eyes and "very, very slurred speech." (N.T. 4.) Because of his unsteadiness and his reliance upon the car for support, the officer determined that field sobriety tests were unnecessary and for licensee's safety, placed him under arrest.

Officer Brookes thereafter requested that licensee submit to a chemical test and informed licensee of the implied consent warnings. The officer "advised him that he was under arrest for being in physical control over the movement of a motor vehicle under the influence of alcohol and that I request for him to submit to a blood test, and if he failed to submit to these tests he'd automatically lose his driver's license for one year." (N.T. 6.) Licensee consented to travel with Officer Brookes to a nearby hospital for chemical testing. At the hospital, Officer Brookes again advised the defendant of the implied consent warnings, whereupon licensee voluntarily signed the hospital consent form. However, licensee then "outright refused" to submit to a blood test, even after Officer Brookes again advised him of the implications of refusal.

After licensee refused to submit to testing at the hospital, Officer Brookes transported him to the Morrisville Police Headquarters. At police headquarters Officer Brookes read to licensee verbatim from the state refusal form, specifically the four paragraphs comprising the chemical testing warning. Licensee signed the refusal form, as did Officer Brookes. Although additional requests to submit to chemical testing were made, licensee continuously refused. Licensee at any point in time did not indicate to the officer that upon reconsideration he desired to take the test.

## DISCUSSION

Licensee first argues that reasonable grounds did not exist for Officer Brookes to believe that the defendant was operating or in actual physical control of the movement of a motor vehicle while under the influence of alcohol or a controlled substance. Whether or not reasonable grounds existed for Officer Brookes is a question of law, as determined by this court. See *Books v. PennDOT,* 109 Pa. Commw. 25, 530 A.2d 972 (1987). Where the trial court hears a matter de novo, it must base its findings of fact upon substantial competent evidence, *PennDOT v. McGlynn,* 147 Pa. Commw. 454, 611 A.2d 770 (1992).

"The test for determining whether reasonable grounds exist is not very demanding, nor does it require the officer to be correct in his belief." *PennDOT v. Bird,* 134 Pa. Commw. 305, 312, 578 A.2d 1345, 1348 (1990). No requirement exists that the arresting officer observe the arrestee operating the motor vehicle. *Id.* It must simply be determined whether a reasonable person, in the position of Officer Brookes, could have concluded that the motorist was in actual physical control of the vehicle while under the influence. *PennDOT v. Terreri,* 114 Pa. Commw. 208, 538 A.2d 639 (1988).

In this case, Officer Brookes observed licensee parked in a running car with a wheel upon a curb. The licensee was asleep and hunched over the driving wheel, saliva was running down his mouth, and his person and the vehicle smelled of alcohol. Additionally, the licensee could not stand on his own and required the support of the vehicle upon vacating it. We concluded that the officer made a reasonable determination that the licensee was operating a vehicle while under the influence of alcohol. This factual scenario is not remarkably dis-

similar from other reasonable grounds cases. See *PennDOT v. Paige,* 156 Pa. Commw. 600, 628 A.2d 917 (1993); See also, *Polinsky v. PennDOT,* 131 Pa. Commw. 83, 569 A.2d 425 (1990) (suspension upheld where officer found driver asleep in driver's seat by pick-up window at a restaurant with vehicle running and lights on). We therefore found that Officer Brookes had reasonable grounds to believe that licensee was operating a motor vehicle while under the influence of alcohol.

The final matter complained of on appeal is that the department failed to meet its burden of proof demonstrating that the licensee refused to submit to a chemical test. Specifically, licensee contends that he was not fully informed of his rights until he was transported to police headquarters by Officer Brookes. Licensee further asserts that had he been fully informed of the implied consent warning, he would have submitted to chemical testing, either at the hospital or upon a post-warning opportunity to submit to a test. We found, however, that Officer Brookes complied with the mandate of 75 Pa.C.S. §1547(b)(2) of the Vehicle Code.

The Vehicle Code requires a police officer to specifically warn a motorist that his or her operating privilege will be suspended if a request to chemical test is refused. 75 Pa.C.S. §1547(b)(2). If an untimely warning is issued to a driver who refuses to take a chemical test under the implied consent law, then such failure can be cured by a post-warning opportunity for the driver to assent. *Naples v. PennDOT,* 110 Pa. Commw. 37, 531 A.2d 869 (1987). However, in this case, we determined that adequate warnings were issued by Officer Brookes at the site of the arrest, as well as at the hospital and police headquarters.

Licensee's inconsistent, self-serving testimony utterly lacks credibility. After insisting that he had no knowl-

edge that he was at the hospital for chemical testing, and despite signing the hospital consent form, he admitted that he was informed of the reasons for which the officer transported him to the hospital. Licensee would have this court believe that Officer Brookes would make licensee aware of the reason for travelling to the hospital, but not of his implied consent rights. Such contention is inconsistent with the officer's testimony as well as the licensee's disingenuous statements.

Additionally, even assuming that licensee was not properly warned of the implied consent law prior to his refusal at the hospital, the testimony reveals that he was later adequately informed at police headquarters. At the police station Officer Brookes read verbatim from the state implied consent card and explained to licensee the implications of refusal. This occurrence is manifested by licensee's signature on the state refusal form. Even further assuming, however unlikely, that licensee was not informed of the implications of refusal until *after* signing the state refusal form, Officer Brookes would have cured any deficiency in section 1547(b)(2) compliance by providing him with a post-warning opportunity to submit to chemical testing. See *Naples v. PennDOT, supra.*

It is the province of the trial judge, sitting without a jury, to judge the credibility of the witnesses and to weigh their testimony. *Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985). As such, this court found Officer Brookes' testimony to be credible and reliable, particularly when taken in conjunction with licensee's inability to recall the incident and his inconsistent testimony. Therefore, this court denied licensee's appeal of his suspension.