567 A.2d 1127

**Kim McDONALD, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 27, 1989.

Decided Dec. 29, 1989.

Philip D. Lauer, with him, Brian M. Monahan, Easton, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRUMLISH, Jr., President Judge, and PALLADINO and SMITH, JJ.

PALLADINO, Judge.

Kim McDonald (Appellant) appeals an order of the Court of Common Pleas of Northampton County (trial court) which affirmed the Department of Transportation's (DOT) one-year suspension of his motor vehicle operating privilege. We affirm.

The facts are undisputed and are, in pertinent part, as follows. Officer Harry E. Brown of the Bangor Police Department stopped Appellant's green Ford truck after Officer Brown received a report that a vehicle of that description had been involved in a hit-and-run accident. Officer Brown testified that the side mirror of Appellant's truck was smashed, that Appellant was bleeding from the mouth, had a very strong smell of alcohol, had glassy, bloodshot eyes, and was very uncooperative. Appellant was arrested for driving under the influence of alcohol. Officer Brown requested that Appellant submit to chemical testing and informed him of the consequences should he refuse. Appellant refused to take a test.

Appellant was transported to the Bangor Police Station where Appellant again was requested to submit to a chemical test which he refused. At the Bangor Police Station,

Appellant was involved in an altercation with an off-duty officer. Appellant testified that, in response to his request for permission to make a phone call, the off-duty officer kicked Appellant in the shoulder, sending him against the wall of the jail cell. As a result, Appellant suffered a bruise to his shoulder and a bump on his head.

Later, Appellant was transported to the State Police Barracks at Stockerton. State Police Corporal Polk, a breathalyzer operator, requested that Appellant take a breathalyzer test. Again, Appellant refused. As a result of his refusal, DOT suspended Appellant's operating privilege for one year pursuant to section 1547 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547.[1] Appellant appealed to the trial court which affirmed the suspension.

On appeal to this court[2], Appellant raises three issues: 1) whether the arresting officer had probable cause to arrest Appellant; 2) whether the arresting officer had reasonable grounds to request a breathalyzer test; and 3) whether Appellant's refusal, under the circumstances, was knowing and conscious.

Appellant argues that Officer Brown lacked probable cause to believe that Appellant was engaged in criminal activity and therefore illegally stopped Appellant's vehicle. Appellant asserts that, as a result of this illegal stop, his subsequent refusal to take a breathalyzer test is negated. However, the legality of the initial stop of a motorist is immaterial in a license suspension proceeding for refusal to submit to a breathalyzer test. *Department of Transporta-*

1. Section 1547(b)(1) in pertinent part provides:
   If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. Our scope of review is limited to a determination of whether findings of fact are supported by competent evidence, whether errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Lewis v. Commonwealth,* 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988).

*tion v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987). Appellant attempts to distinguish *Wysocki* on the grounds that in *Wysocki* the alleged illegality was a roadblock set up for the purpose of enforcing the implied consent law but here the illegality was an arrest without probable cause. A different reason for the stop does not change the *Wysocki* analysis which held that the legality of the stop is immaterial. Therefore, whether Appellant was stopped without probable cause is immaterial.

▮▮ Next, Appellant argues that no reasonable grounds existed to believe that he was operating a vehicle under the influence of alcohol because he was not requested to perform field sobriety tests. The implied consent law authorizes a request for a breathalyzer test only if a police officer has reasonable grounds to believe a person was operating a motor vehicle while under the influence of alcohol. *Wysocki.* Reasonable grounds exist if a reasonable person in a position of the arresting officer, viewing the facts and circumstances, could have concluded that the motorist had operated the vehicle while under the influence of alcohol. *Department of Transportation, Bureau of Driver Licensing v. Terreri,* 114 Pa.Commonwealth Ct. 208, 538 A.2d 639 (1988). The definition of reasonable grounds does not include, as a prerequisite, failure of field sobriety tests. Moreover, many cases have found reasonable grounds for a request for chemical testing without field sobriety tests. *See Department of Transportation, Bureau of Driver Licensing v. Olenick,* 115 Pa. Commonwealth Ct. 559, 540 A.2d 993 (1988) and *Menosky v. Commonwealth,* 121 Pa.Commonwealth Ct. 464, 550 A.2d 1372 (1979).

▮▮ Officer Brown testified that he suspected Appellant was involved in a hit-and-run accident from the broken side mirror, that Appellant had a very strong smell of alcohol, had glassy, bloodshot eyes, and was very uncooperative. These facts support a conclusion that Officer Brown had reasonable grounds to request a breathalyzer test.

Appellant next argues that his refusal to take a breathalyzer test was not knowing and conscious as a matter of law because his altercation with the off duty police officer caused him to fear the officers. Appellant acknowledges that once DOT proves the licensee refused to take a chemical test, the licensee has the burden of proving that he was physically unable to take the test, or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Cassidy*, 118 Pa. Commonwealth Ct. 364, 544 A.2d 1132 (1988). However, Appellant argues that "fundamental fairness would seem to indicate that the police cannot terrorize a citizen, and thereafter seek to extract some penalty from him for his failure to be totally cooperative in that atmosphere." [3]

Appellant does *not* argue that he sustained a physical injury in the altercation which prevented him from performing the breathalyzer test. Appellant offered only his own testimony that he was "petrified" at the time he refused the test. Appellant's self-serving testimony of his fear is insufficient to prove he was not capable of making a knowing and conscious refusal.

Finally, Appellant argues that his refusal was unknowing because, after he was read his Miranda rights, he was not informed that his right to consult with an attorney does not extend to taking a breathalyzer test. This argument was not raised before the trial court and is waived. Pa.R.A.P. 302(a).

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW December 29, 1989, the order of the Northampton County Court of Common Pleas in the above-captioned matter is affirmed.

3. Appellant's brief at 17–18.