**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Terry R. HOWARD, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 2000.

Filed Oct. 30, 2000.

Francis J. Schultz, Asst. Dist. Atty., Meadville, for Com., appellant.

John W. Rowden, Public Defender, Meadville, for appellee.

Before CAVANAUGH, POPOVICH and OLSZEWSKI, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order entered on January 7, 2000, in the Court of Common Pleas of Crawford County that granted appellee's omnibus pretrial motion to suppress. Appellee was charged with two counts of Driving Under the Influence, Driving on Roadways Laned for Traffic, Possession of Drug Paraphernalia and Possession of a Small Amount of Marijuana. Appellee filed an omnibus pretrial motion alleging that the initial stop of his motor vehicle was illegal because the officer lacked reasonable grounds to suspect a violation of the Motor Vehicle Code. The lower court granted appellee's motion to suppress. Upon review, we reverse and remand for trial.

■ ¶ 2 Herein, the Commonwealth contends that the suppression court erred in granting appellee's motion to suppress because the officer had reasonable and articulable grounds to suspect a violation of the Motor Vehicle Code. We agree. In reviewing the ruling of a suppression court, our task is to determine whether the factual findings are supported by the record. If so, we are bound by those findings. *Commonwealth v. DeWitt*, 530 Pa. 299, 301, 608 A.2d 1030, 1031 (1992); *Commonwealth v. Johnson*, 734 A.2d 864 (Pa.Super.1999). Where the Commonwealth appeals the decision of the suppression court, we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted. *Id.; Commonwealth v. James*, 506 Pa. 526, 486 A.2d 376 (1985). Where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h).

¶ 3 The relevant facts are as follows: On April 5, 1999, at approximately 5:10 p.m., Trooper Mallory pulled out onto Route 19 traveling northbound when he came upon a tan colored van driven by appellee traveling in the same direction. He saw appellee drive over the fog line onto the unpaved portion of the right berm. Approximately one-quarter to one-third of the vehicle was over the line such that dust kicked up from under the tires. Appellee returned to his lane, then went over the fog line again. He continued on Route 19, turned onto Black Road and drove in the center of the unlined road up the hill before stopping at the intersection of Black and Mosiertown Roads. Then, he turned onto South Mosiertown Road. After approximately 100 feet, he crossed over the yellow center line of the road, then returned to the right side. At that point, Trooper Mallory decided to stop the vehicle and followed appellee to his driveway. Upon observing appellee's glassy eyes and noticing the smell of alcohol, Officer Mallory administered two field sobriety tests. Officer Mallory administered the one-leg test and the walk and turn test, both of which appellee failed. Appellee was subsequently placed under arrest and searched. Trooper Mallory found a substance he believed to be marijuana in appellee's pocket and two pipes made from deer antlers.

¶ 4 At the suppression hearing, Trooper Mallory testified that he initiated the traffic stop after observing appellee's vehicle travel onto the berm twice and cross the center of the roadway twice. Appellee argued and the lower court agreed that Trooper Mallory did not have sufficient reasonable suspicion to make the traffic stop, making the subsequent search of appellee illegal. This timely appeal followed.

¶ 5 We conclude that the findings of the suppression court are unsupported by the record. In *Commonwealth v. Korenkiewicz*, 743 A.2d 958 (Pa.Super.1999), we held that a police officer may stop a vehicle when he has reasonable, articulable facts to suspect a violation of the Motor Vehicle Code. 75 Pa.S.C.S. § 6308(b); *Common-*

wealth v. Whitmyer, 542 Pa. 545, 668 A.2d 1113 (1995) (confirming correct standard for vehicular stops as "articulable and reasonable grounds to suspect" violation of Motor Vehicle Code); Commonwealth v. Wright, 448 Pa.Super. 621, 672 A.2d 826 (1996) (the reasonable suspicion necessary to justify a vehicular stop is less stringent than probable cause, but the officer must have more than a hunch as the basis of the stop).

¶ 6 Upon review of the record, we find that Trooper Mallory had sufficient reasonable suspicion to justify the traffic stop. First, appellee drove onto the berm twice on Route 19, kicking up dust on both occasions. Then, after turning onto Black Road, appellee veered into the center of the roadway. Finally, after turning onto South Mosiertown Road, appellee crossed over the yellow center line of the roadway. Trooper Mallory testified that these occurrences caused him to believe a violation of the Motor Vehicle Code occurred. N.T., 1/5/00, 6–10. Based on his testimony, we find that these facts were sufficient to justify the traffic stop.

¶ 7 In Commonwealth v. Montini, 712 A.2d 761, 764 (Pa.Super.1998), we held, based on facts and circumstances similar to those in this case, that the officer had sufficient reasonable suspicion for the traffic stop. In Montini, the officer observed the defendant swerve to avoid a car in the midst of parallel parking, weave within his lane of traffic, accelerate and decelerate in an abnormal fashion, and cross the double-yellow center line of the road. We concluded that the officer could reasonably believe that Montini violated the Motor Vehicle Code due to his observations of erratic driving. Id. Similarly, in Commonwealth v. Lawrentz, 453 Pa.Super. 118, 683 A.2d 303 (1996), we vacated the lower court's order suppressing evidence derived from a traffic stop where the testimony presented at the hearing indicated that appellee was "weaving" and "swaying" for up to a mile and a half and that he had crossed the center line on two occasions.

Recently, in Commonwealth v. Masters, 737 A.2d 1229, 1232 (Pa.Super.1999), we reversed a suppression court's finding that there was insufficient reasonable suspicion for the stop because we concluded that the repeated lane changes, even absent other traffic concerns, warranted the stop. We noted that "[a]t the very least, the police officer properly stopped the vehicle out of concern for [the defendant's] own safety based on his erratic driving." Masters, 737 A.2d at 1232.

¶ 8 We find that the facts of this case, though not identical, are similar to those in Lawrentz, Montini, and Masters, supra, for several reasons. First, the officers in all cases developed reasonable suspicion after observing the defendants driving erratically for a sustained period of time. Trooper Mallory testified that he decided to follow appellee after observing him travel off the right berm of the roadway, noting that the vehicle did not just cross the fog line, but that it twice traveled completely off the road and onto the berm. N.T., 1/5/00, 5. He also observed appellee driving in the middle of the road on Black Road. Then, after observing appellee cross the yellow center line on South Mosiertown Road, Trooper Mallory decided to stop him. N.T., 1/5/00, 6–10. Further, the facts in all of the cases indicate similar patterns of "erratic driving." In Lawrentz, supra, the defendant was "weaving" and "swaying" and crossed the center line of the road on two occasions. In Montini, supra, the defendant was observed weaving within his lane of traffic and also crossed the double yellow center line of the roadway. In Masters, supra, the defendant made repeated, unwarranted lane changes. Likewise, on three occasions, appellee was unable to maintain his vehicle in a single lane. He repeatedly crossed the fog line and drove onto the berm. Appellee also drove in the center of the roadway and crossed the yellow center line on South Mosiertown Road.

¶ 9 We note that the suppression court indicated that determining what con-

stitutes sufficient reasonable suspicion to warrant a traffic stop based on previous case law presents a challenge given the ill-defined concept of "erratic driving." However, we are convinced that the record supports a finding of erratic driving, and, therefore, reasonable suspicion existed to warrant a traffic stop. Further, it is not always necessary for the officer to observe "erratic driving" to have reasonable suspicion to initiate a traffic stop. The officer must have a "reasonable and articulable suspicion" that a violation of the Motor Vehicle Code occurred. *Whitmyer, supra.* A reasonable and articulable suspicion may arise from observations of erratic driving, but erratic driving is not necessarily required for the officer to establish sufficient reasonable suspicion to warrant the stop. In this case, even if we concluded that appellee's driving did not amount to "erratic driving," Trooper Mallory would still have been justified in making the stop pursuant to 75 Pa.C.S.A. § 3309(1) which provides:

(1) **Driving within single lane.**—A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

On three separate occasions Trooper Mallory observed that appellee was unable to maintain his vehicle within a single lane of traffic. Based upon those observations, Trooper Mallory had reasonable suspicion to believe appellee violated the statute.

¶ 10 Therefore, we conclude that the findings of the suppression court are unsupported by the record. We find that Trooper Mallory had sufficient reasonable suspicion to warrant the traffic stop based on both Trooper Mallory's observations of appellee's erratic driving and his inability to maintain his vehicle with a single lane of traffic as required under 75 Pa.C.S.A. § 3309(1).

¶ 11 Order reversed. Case remanded for trial. Jurisdiction relinquished.