**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**John D. SLONAKER, Appellant**

Superior Court of Pennsylvania.

Argued Dec. 12, 2001.
Filed March 14, 2002.

Lawrence J. Hracho, Reading, for appellant.

Kelly S. Kline, Assistant District Attorney, Reading, for Commonwealth, appellee.

Before: CAVANAUGH, STEVENS, and BECK, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Berks County following Appellant's conviction on the charge of Driving Under the Influence.[1] Appellant contends (1) that the police officer did not have sufficient evidence to arrest Appellant for Driving under the Influence and (2) that the police officer did not have probable cause to stop Appellant's vehicle. We affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history are as follows: On January 2, 2000 at approximately 7:00 p.m., Trooper James Marasco of the Pennsylvania State Police was on routine patrol on SR 1010 when he observed a maroon Buick sedan driven by Appellant travel over the white fog line to the right of the roadway. The trooper followed the vehicle for approximately five miles. Over the course of the five miles, Trooper Marasco saw the two tires on the right side of the vehicle cross the fog line and remain there for several seconds two more times. He also saw Appellant drive over the double yellow line in the center of the roadway and on the fog line without completely crossing these lines. Appellant's speed was between 40 and 60 miles per hour in a 55 mile per hour zone and the trooper observed the car continuously moving from left to right within Appellant's lane of travel.

¶ 3 Because of Appellant's driving, the trooper stopped the vehicle and approached Appellant, who was sitting behind the wheel. Appellant's eyes were bloodshot and glassy, and he exhibited an odor of alcohol. Trooper Marasco asked Appellant to perform two field sobriety tests, the one-leg stand and the walk-and-turn, both of which Appellant failed. Appellant was arrested and transported to St. Joseph's Hospital where he consented to a blood alcohol test. Appellant's BAC was .138%.

¶ 4 Appellant was charged with two counts of Driving Under the Influence of Alcohol and the summary offense of Driving on Roadways Laned for Traffic,[2] and Appellant filed pre-trial motions seeking suppression of the BAC result and Appellant's failure of the field sobriety tests.[3] Following a hearing, the motions were disposed of by order of court dated November 3, 2000. The court suppressed the evidence of the field sobriety tests but ruled that the BAC results would be admissible as Trooper Marasco had probable cause to stop and arrest Appellant and request that Appellant submit to a blood alcohol test.[4] Appellant proceeded to a

---

1. 75 Pa.C.S.A. § 3731(a)(4).

2. 75 Pa.C.S.A. § 3731(a)(1), 75 Pa.C.S.A. § 3731(a)(4), and 75 Pa.C.S.A. § 3309(1).

3. Appellant filed additional pre-trial motions, which are not at issue in this appeal.

4. The Court suppressed the results of the field sobriety tests as Appellant was seventy years

jury trial, and on January 19, 2001, he was found guilty of the charge indicated *supra.*

¶ 5 On March 9, 2001, Appellant was sentenced, and on March 13, 2001, Appellant filed a direct appeal. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P.1925(b), such a statement was filed, and the trial court filed a Pa.R.A.P.1925(a) opinion.

¶ 6 We address first Appellant's contention that Trooper Marasco did not have probable cause to stop Appellant's vehicle.

When we review the ruling of a suppression court, we must determine whether its factual findings are supported by the record. Where the defendant challenges an adverse ruling of the suppression court, we will consider only the evidence for the prosecution and whatever evidence for the defense which is uncontradicted on the record as a whole; if there is support on the record, we are bound by the suppression court, and we may reverse that court only if the legal conclusions drawn from these facts are erroneous.

*Commonwealth v. Holt,* 711 A.2d 1011, 1014 (Pa.Super.1998) (citations omitted).

¶ 7 In his appellate brief, Appellant claims that the driving of Appellant, observed by the trooper, was insufficient to establish probable cause to conduct a valid vehicle stop. We disagree.

¶ 8 The legislature has vested police officers with authority to stop a vehicle when they have "articulable and reasonable grounds to suspect a violation of the Vehicle Code." 75 Pa.C.S. § 6308(b).

If the alleged basis of a vehicular stop is to permit a determination whether there has been compliance with the Motor Ve-hicle Code of this Commonwealth, it is encumbent[sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.

*Commonwealth v. Whitmyer,* 542 Pa. 545, 550, 668 A.2d 1113, 1116 (1995) (citations omitted)(emphasis in original).

¶ 9 Trooper Marasco testified at the suppression hearing that he observed Appellant's driving for five miles, that Appellant's vehicle fully crossed the white fog line three times during the five mile stretch, and that the wheels of Appellant's vehicle remained there for several seconds each time. The trooper saw Appellant weave numerous times over the double yellow center line and the white fog line without fully crossing either line. Appellant also wove side to side continuously in his lane of travel and his speed varied between 40 and 60 miles per hour in a 55–mph zone. N.T. 9/26/2000 at 3. The trooper testified that, in his experience, a vehicle weaving erratically at night indicates that the driver may be intoxicated. N.T. 9/26/2000 at 17–18.

¶ 10 Our courts recognize that while the Commonwealth has an interest in enforcing rules designed to maintain safety on our roads, an individual does not lose all reasonable expectation of privacy when he takes to the highway in a vehicle. A police officer must have specific facts justifying the intrusion. *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001).

¶ 11 In *Gleason, supra,* the Court addressed the issue of assessing when an officer has sufficient indicia of erratic driving to give the officer probable cause to

---

old and the National Highway Traffic Safety Administration Manual indicated that these tests were not designed for persons over sixty years old.

stop a vehicle. Specifically, the defendant in *Gleason* was followed by a police officer for one quarter of a mile and over that distance, defendant's vehicle crossed the solid fog line two or three times. Additionally, there were no other cars on the road. The Court found that, "[g]iven the early morning hour, the fact that there was no other traffic on the roadway and the rather momentary nature of defendant's vehicle crossing the fog line..., the officer erred in believing he had justification to stop defendant's vehicle." *Gleason*, 785 A.2d at 986.

■ ¶ 12 In the case *sub judice*, Appellant's driving was significantly less benign. Uncontradicted testimony established that he wove continuously over a five mile stretch of road, accelerating and decelerating as he went on his way in the dark that evening. Furthermore, Appellant wove outside his lane of travel on three occasions.

¶ 13 The facts in this case are not unlike those articulated in *Commonwealth v. Howard*, 762 A.2d 360 (Pa.Super.2000). A trooper observed the defendant's vehicle drive onto the berm twice, veer into the center of the roadway, and, after turning onto another road, cross the yellow center line. This Court found these facts sufficient to justify the traffic stop.

¶ 14 In the present case, the trial court found that Appellant's erratic driving gave Trooper Marasco probable cause to suspect a violation of the Vehicle Code.[5] The findings of the trial court are supported by the testimony. We conclude that Appellant's continuous weaving over a five mile stretch of road, coupled with his acceleration and deceleration, suffice to justify Trooper Marasco's suspicion that Appel-

lant may have been intoxicated and we find that he had probable cause to stop Appellant's vehicle.

¶ 15 We now address Appellant's contention that, as the results of Appellant's field sobriety tests were suppressed, Trooper Marasco did not have probable cause to conduct a valid warrantless arrest for driving under the influence of alcohol and, therefore, the results of Appellant's blood test should have been suppressed. We disagree.

¶ 16 At the outset, we note that the implied consent statute, 75 Pa.C.S.A. § 1547(a) is implicated in this matter and reads in pertinent part:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of he movement of a motor vehicle: (1) while under the influence of alcohol or a controlled substance or both...

■ ¶ 17 Subsection (a)(1) of the implied consent statute is constitutionally valid if probable cause existed for a police officer to believe that a suspect has been driving under the influence of alcohol or a controlled substance. Probable cause exists when an officer has knowledge of sufficient facts and circumstances, gained through trustworthy information, to warrant a prudent man to believe that the person seized has committed a crime. *Commonwealth v. Smith*, 382 Pa.Super. 288, 555 A.2d 185,

---

5. Trial Court's finding of Facts and Conclusions of law in disposition of the Defendant's

Omnibus Pretrial Motion, 11/3/2000 at 5.

189 (1989) (citations omitted). *See Commonwealth v. Welshans*, 397 Pa.Super. 439, 580 A.2d 379 (1990).

¶ 18 Appellant believes that without the results of his failed field sobriety tests, there is insufficient indicia of intoxication to arrest him for driving under the influence. However, the law is well settled that reasonable grounds to arrest does not require the failure of field sobriety tests. *McDonald v. Com Dept. of Trans. Bureau of Driver Licensing*, 130 Pa.Cmwlth. 276, 567 A.2d 1127 (1989).[6]

¶ 19 Here, Trooper Marasco testified to the erratic driving of Appellant, leading him to stop Appellant's vehicle as he suspected Appellant was driving under the influence of alcohol. As he approached the driver's side of the car and spoke to Appellant, the trooper noticed an odor of alcohol about Appellant and observed that Appellant's eyes were bloodshot and glassy. N.T. 9/26/2000 at 4. Appellant was arrested for driving under the influence of alcohol and transported to St. Joseph's Medical Center where he consented to a blood test. N.T. 9/26/2000 at 5.

¶ 20 Appellant's position is that the trooper had only evidence of an odor of alcohol surrounding the Appellant and Appellant's glassy, bloodshot eyes as his probable cause to arrest Appellant for driving under the influence. Conveniently, Appellant fails to mention the Trooper's observations of Appellant's five miles of erratic driving, including continuous weaving from one extreme edge to the other of his lane of travel.

¶ 21 In the case at bar, Appellant drove erratically for an extended period of time, smelled of alcohol, and had bloodshot,

glassy eyes. We find that Trooper Marasco had probable cause to suspect Appellant of driving under the influence and affirm the trial court's denial of Appellant's motion to suppress the result of his blood alcohol test.

¶ 22 For the foregoing reasons, we affirm the judgment of sentence.

¶ 23 Affirm.

¶ 24 CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, J., Dissenting.

¶ 1 Whereas the majority would affirm the judgment of sentence, I would reverse. Since I believe that appellant's motion to suppress chemical test results should have been granted, I respectfully dissent[7].

¶ 2 The majority correctly asserts that a police officer is required to have "articulable and reasonable grounds to suspect a violation of the [Motor] Vehicle Code" prior to executing a traffic stop, quoting 75 Pa.C.S.A. § 6308(b). The majority also properly cites *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113, 1116 (1995), which restates this requirement: "... it is encumbent [sic] upon the officer to articulate specific facts which would provide probable cause to believe that the vehicle or driver was in violation of some provision of the Code." ("sic" in original).

¶ 3 However, in affirming the judgment of sentence, the majority errs by relying on precedent of dubious viability. It cites *Commonwealth v. Howard*, 762 A.2d 360 (Pa.Super.2000), in which this court found that a police officer's observation of "erratic driving" over a distance was sufficient to raise in the officer a "reasonable and artic-

---

**6.** This Court adopts the reasoning of *McDonald v. Com. Dept. of Trans. Bureau of Driver Licensing*, 130 Pa.Cmwlth. 276, 567 A.2d 1127 (1989).

**7.** Motion as part of appellant's omnibus pretrial motion for relief, filed June 19, 2000.

ulable" suspicion that a violation of the Motor Vehicle Code had occurred. Such suspicion, we held, allowed the officer to effectuate a proper traffic stop. But our supreme court has recently reversed several cases with similar holdings. *See Commonwealth v. Baumgardner,* —— Pa. ——, 796 A.2d 965 (2002), *reversing* 767 A.2d 1065 (Pa.Super.2001). *See also Commonwealth v. Roudybush,* 567 Pa. 667, 790 A.2d 313 (2002). In doing so, the supreme court referred to its decision in *Commonwealth v. Gleason,* 785 A.2d 983 (Pa.2001), which follows the standard for a proper vehicle stop set out in *Whitmyer.*

¶ 4 Relying upon weakened precedent, the majority concludes that appellant's "erratic" driving warranted a vehicular stop: "We conclude that Appellant's continuous weaving over a five mile stretch of road, coupled with his acceleration deceleration, suffice to justify [the officer's] suspicion that Appellant may have been intoxicated..." To the contrary, I believe that the officer did not have probable cause to believe that appellant had violated any portion of the Motor Vehicle Code. In support of this contention, I would note that appellant was later acquitted by the court of the charge of Driving on Roadways Laned for Traffic [8].

¶ 5 Therefore, I believe that the lower court erred in concluding that the officer had probable cause to execute a traffic stop on appellant's motor vehicle. The record supports this conclusion. As a result, I need not consider separately appellant's claim that blood alcohol content analysis results should have been suppressed. These should be suppressed under the fruit of the poisonous tree doctrine. *See*

**8.** 75 Pa.C.S.A. § 3309(1).

*Commonwealth v. Stevenson,* 560 Pa. 345, 744 A.2d 1261, 1268 (2000).