**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Larry WHITTERS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 26, 2002.
Filed Aug. 6, 2002.

**604**

Andrew G. Gay, Philadelphia, for appellant.

A. Sheldon Kovach, Asst. Dist. Atty., Media, for Com., appellee.

BEFORE: LALLY–GREEN, OLSZEWSKI, and POPOVICH, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Larry Whitters appeals the judgment of sentence imposed on January 3, 2002. We affirm.

¶ 2 Based on informants' information and other intelligence gathered during an investigation, Detective James Frey prepared an affidavit and obtained a search warrant. Adjudication, 10/10/01, at 2. This warrant was for a "motor vehicle operated or owned by Larry Whitters in the area of East Lansdowne, Delaware County, [Pennsylvania], area of Hirst and Baltimore Pike on Thursday, June 22, 2000, between the hours of 4:00 p.m. and 8:00 p.m." Search Warrant Application, 6/22/00, at 1. At approximately 4:55 p.m. on June 22, 2000, Frey observed appellant in a white Ford Taurus stopped between the 100 and 200 block of Lewis Avenue in East Lansdowne. Adjudication, 10/10/01, at 3. Appellant was traveling toward the intersection of Hirst Avenue and Baltimore Pike. *Id.* Frey stopped appellant.

*Id.* This stop occurred about two blocks from Baltimore Avenue and four blocks from Hirst Avenue. *Id.*

¶ 3 Appellant was removed from his vehicle and informed that he was under arrest. *Id.* A search of the Taurus yielded a napkin with ten bags of cocaine. *Id.* Frey then informed appellant of his *Miranda* rights. *Id.* In response to questioning, appellant admitted that there were more drugs at his home. *Id.* Specifically, appellant admitted that he had about an "eight ball" of cocaine in a black bag in the top dresser drawer in his basement bedroom. N.T. Proceeding, 1/29/01, at 20.

¶ 4 Frey attempted to garner appellant's consent to search the house. After receiving an equivocal response, Frey obtained a separate warrant to search appellant's home, located at 7225 Brent Road, Upper Darby, Delaware County, Pennsylvania. *Id.* at 4. Search of this residence reaped $1080.00 in cash, a black bag containing a Zip Loc bag holding twenty-five bags of cocaine, a sandwich bag containing cocaine, a number of unused baggies and a razor blade. *Id.*

¶ 5 As a result of these searches, appellant was arrested for multiple violations of the Controlled Substance, Drug, Device and Cosmetic Act. Through pre-trial motions, appellant challenged the searches and moved to suppress all evidence and his statement about the black bag. These motions were denied. After a bench trial, the court found appellant guilty of two counts of possession with intent to deliver. N.T. Proceedings, 11/5/01, at 14–18. On January 3, 2002, appellant was sentenced to concurrent prison terms of two to four years. This appeal followed.

¶ 6 Appellant raises two issues for our review.

1. Did the [lower court] err in concluding that the anticipatory warrant for the

search of [a]ppellant's automobile was properly executed within the narrowly defined constraints of the issuing authority.

2. Did the [lower court] err in concluding that probable cause existed for the issuance of a warrant to search [a]ppellant's home.

Appellant's Brief at 8.

When we review the ruling of a suppression court, we must determine whether its factual findings are supported in the record. Where the defendant challenges an adverse ruling of the suppression court, we will consider only the evidence for the prosecution and whatever evidence for the defense which is uncontradicted on the record as a whole; if there is support on the record, we are bound by the suppression court, and we may reverse that court only if the legal conclusions drawn from these facts are erroneous.

*Commonwealth v. Slonaker*, 795 A.2d 397, 400 (Pa.Super.2002) (citations omitted).

¶ 7 Appellant does not challenge the *per se* constitutionality of the anticipatory search warrant issued for his car, nor does he challenge the underlying probable cause. Instead, appellant asserts that the warrant was executed prematurely. Particularly, he argues that he had to arrive at the intersection of Baltimore Pike and Hirst Avenue before the execution of the warrant. We find this argument untenable.

¶ 8 An anticipatory warrant is a warrant based on a showing of probable cause that at some future time, but not presently, certain evidence of crime will be located at a certain place. *Commonwealth v. Glass*, 562 Pa. 187, 754 A.2d 655, 656 (2000). Where appropriate, the issuing authority should make the execution of the warrant contingent upon the occurrence of specific events or the passage of time. *Commonwealth v. Reviera*, 387 Pa.Super. 196, 563 A.2d 1252, 1256 (1989). This is to ensure that the warrant will not be executed prematurely, i.e., *before the evidence arrives* at the place to be searched. *Id.* (emphasis added).

¶ 9 Appellant contends that this warrant was prematurely executed because he was six blocks away from his final destination. He asserts that since the police expected him to travel to Baltimore Pike and Hirst Avenue to make a drug transaction, they had to permit him to arrive to ascertain his intent. Appellant's Brief at 16. This argument is flawed and must fail.

¶ 10 An anticipatory warrant contains contingencies to make sure the place is not searched before the evidence arrives. In this case, appellant's car was the target of the search. Appellant and his drugs were in the car, and he appeared to be headed to the pre-arranged spot for the drug deal. The evidence had already arrived in the place to be searched. This warrant was not contingent on appellant's arrival at the intersection. It was contingent upon the time of day, appellant's presence in a vehicle and that vehicle's closing on Baltimore Pike and Hirst Avenue. These contingencies were met.

¶ 11 Because they believed appellant was heading to a drug transaction, they had reason to believe that drugs would be in his car. Just as police are not required to wait for fruition of a criminal scheme to apply for a warrant, they are not required to wait for culmination of criminal conduct to execute an anticipatory warrant. *See Reviera*, 563 A.2d at 1255. Such a requirement would eviscerate the purpose of an **anticipatory** warrant. Appellant was in the "area of Hirst and Baltimore Pike on Thursday, June 22, 2000, between the hours of 4:00 p.m. and 8:00 p.m." as the warrant required. The war-

rant does not require appellant to reach his destination before authorizing the search.

¶ 12 Further, appellant concedes that probable cause existed to believe he was going to engage in a drug transaction at Hirst Avenue and Baltimore Pike. Appellant's Brief at 21–22. From this, it follows, that as the dealer, appellant would be transporting the drugs to the destination. He was a few blocks and a turn away. It is clear that "[t]he necessary pieces were in motion and all but inevitably the pieces would fall into a set." *Commonwealth v. Glass,* 754 A.2d at 664 n. 12.

¶ 13 Because the drugs had already arrived at their temporary location in appellant's car, there was no danger that the search warrant for the car would be executed prematurely. A different conclusion may result if the warrant had been executed outside of the time specifications or outside of the area described in the warrant. But this is not the case at bar. This search warrant was properly executed and the lower court did not err in refusing to suppress the fruits of that search.

¶ 14 Next, appellant challenges the probable cause supporting the warrant to search his home. We find no error.

¶ 15 Existence of probable cause is evaluated under a "totality of the circumstances" standard. *Commonwealth v. Smith,* 784 A.2d 182, 187 (Pa.Super.2001). An issuing authority must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of any hearsay statements, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* This standard, thus, permits an assessment of the various indicia of reliability attending an informant's tip. *Id.*

¶ 16 When relying on an informant's tip, it is crucial that the tip provides information demonstrating a special familiarity with the defendant's affairs. *Id.* (citations omitted). Corroboration of this information imparts additional reliability to the tip. *Id.* When the tip provides this inside information, police corroboration of that information imparts reliability to the tip, supporting a finding of probable cause. *Id.*

¶ 17 Appellant argues that there is no reliable information to create probable cause that he hoarded drugs in his home. We disagree.

¶ 18 The affidavit of probable cause lists information from two separate confidential informants. Confidential informant one ("CI1") described appellant, described his white SUV, provided a license plate number, stated that appellant had said that he lived on the 7200 block of Brent Road, and advised the police that appellant had over 100 bags of cocaine with him. *See* Affidavit of Probable Cause at 2. Later, that license plate showed up on a Mercedes Benz, with a passenger appearing to be participating in a drug deal. *Id.*

¶ 19 Confidential Informant Two ("CI2") described a drug trafficker who drives a tan Mercedes Benz, lives in the area of the 7200 block of Brent Road, and also drives a white Ford Taurus. *Id.* at 4. CI2 also described this dealer's mode of operation: the buyer pages this dealer, who then arrives in either the Mercedes or the Taurus and delivers the cocaine. *Id.* CI2 mentioned that appellant keeps his stash of cocaine and marijuana at his house. *Id.*

¶ 20 Each informant possessed information indicating a special familiarity with appellant. Independent police observation confirmed these tips. *See id.* Further, on June 22, 2000, police witnessed appellant

leave his house in one of the vehicles and proceed directly to a drug deal. On this occasion, appellant had ten bags of cocaine in his vehicle. It is not a leap to reason that appellant routinely brought drugs from his home, transporting them to the deal in his car.

¶ 21 After comprehensive review, we believe, that under the totality of the circumstances, probable cause existed to believe that appellant possessed some quantity of drugs at his home. This does not even take into account his statement about cocaine in the black bag, or his equivocal consent to search. We find the search warrant for 7225 Brent Road was a valid warrant.

¶ 22 Judgment of sentence affirmed.

¶ 23 POPOVICH, J., concurs in the result.