J-S16036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL ANTONIO ARROYO, | : | |
| | : | |
| Appellant | : | No. 1863 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 3, 2019
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002456-2018

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: May 14, 2020

Angel Antonio Arroyo ("Arroyo") appeals from the judgment of sentence imposed following his convictions of two counts of driving under the influence of alcohol ("DUI"), and one count each of driving within single lane and careless driving.[1]  We affirm.

On February 11, 2018, at approximately 2:40 a.m., Pennsylvania State Troopers Blake Shortall ("Trooper Shortall") and Raphael Padilla ("Trooper Padilla"), in full uniform and operating a marked police vehicle, were patrolling State Route 378 ("SR-378") South in Bethlehem City, Lehigh County, Pennsylvania.  Trooper Shortall observed a black sedan traveling in the right lane of SR-378.  After the black sedan passed the Catasauqua Road on/off ramp, the driver's side tires completely crossed over the center yellow dotted line.  Within one mile of travel, Trooper Shortall observed the passenger side

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (a)(2); 3309(1); 3714(a).

tires completely cross over the fog line, and the driver's side tires cross the center line a second time.

Trooper Shortall initiated a traffic stop based on the observed Motor Vehicle Code violations. Trooper Shortall approached the driver side window of the black sedan, and asked the driver, later identified as Arroyo, for his driver's license, vehicle registration, and proof of insurance. While speaking with Arroyo, Trooper Shortall smelled the odor of alcohol on Arroyo's breath. Trooper Shortall additionally observed that Arroyo's eyes were bloodshot and glassy, and that Arroyo's speech was slurred. Based on his observations, Trooper Shortall asked Arroyo to exit the vehicle and perform field sobriety tests ("FSTs"). After conducting the FSTs, Trooper Shortall concluded that Arroyo was driving while impaired and took Arroyo into custody for DUI.

Arroyo was transported to the Lehigh County DUI Booking Center for a blood draw. During the trip, Arroyo told Trooper Shortall that he drank earlier that night because he had a "rough couple of weeks." Once at the Lehigh County DUI Booking Center, Arroyo consented to have his blood drawn and tested. Arroyo's blood was drawn at 3:40 a.m. on February 11, 2018, and sealed. Arroyo's blood was subsequently transported to Health Network Laboratories, where it tested positive for a blood alcohol content of 0.09%.

The Commonwealth charged Arroyo with the above-mentioned offenses. Arroyo filed an Omnibus Pre-trial Motion, seeking to suppress the vehicle stop and all evidence flowing from the stop as fruits of the poisonous tree. Specifically, Arroyo argued that he did not cause any safety risk to other

drivers on the road; thus, Trooper Shortall lacked the requisite probable cause to conduct a vehicle stop for a violation of driving within single lane. Following a suppression hearing, the trial court denied the Motion.

After a bench trial, the trial court found Arroyo guilty of two counts of DUI, and one count each of driving within single lane and careless driving. On June 3, 2019, the trial court sentenced Arroyo to an aggregated term of 6 months of probation, plus fines and costs.[2] Arroyo filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

Arroyo now presents the following issues for our review:

1. Specific and articulable statements need to be made by law enforcement to justify a stop based on reasonable suspicion. Here, Arroyo was pulled over for violating section 3309 of the Motor Vehicle Code. [Section] 3309 requires that the driver remain in a single lane until movement can be made with safety. At the suppression hearing, no statements as to safety were made. When safety is a key component of the statute and no mention is made at the suppression hearing, are there specific and articulable facts to justify a stop?

2. Whether the trial court's verdict of guilt as to DUI[] was against the weight of the evidence where the officer was unable to link any observations of impaired driving to Arroyo and the Commonwealth's evidence did not establish that Arroyo's mental and physical faculties were impaired such that he could not safely operate a motor vehicle[?]

Brief for Appellant at 1 (emphasis omitted).

In his first claim, Arroyo argues that the trial court erred in denying his Omnibus Pre-trial Motion because Trooper Shortall lacked probable cause to

---

[2] Arroyo's DUI convictions merged for sentencing purposes.

conduct a vehicle stop. *Id.* at 10. Arroyo contends that the Commonwealth only presented evidence of "erratic driving," but did not present evidence that Arroyo was driving in an "unsafe manner." *Id.* at 17. Arroyo further asserts that there was no nearby property or persons that were endangered by his driving. *Id.* at 19.

We adhere to the following standard of review:

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

*Commonwealth v. Hampton*, 204 A.3d 452, 456 (Pa. Super. 2019).

Probable cause is required to effectuate a traffic stop based on a suspected violation of the Motor Vehicle Code, including driving within single lane.[3] *Commonwealth v. Feczko*, 10 A.3d 1285, 1288 (Pa. Super. 2010). To satisfy this standard, an officer must be able to "articulate specific facts possessed [] at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Motor Vehicle] Code." *Id.* at 1291. Such an inquiry must

---

[3] Section 3309 of the Motor Vehicle Code provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S.A. § 3309(1).

take into account the totality of the circumstances. ***Commonwealth v. Delvalle***, 74 A.3d 1081, 1085 (Pa. Super. 2013).

Here, in its Opinion, the trial court found that Arroyo completely crossed over the center and fog lines three times, and thus, violated the Motor Vehicle Code, driving within single lane. Trial Court Opinion, 7/30/19, at 10-11. Further, the trial court reasoned that because Arroyo had failed to maintain his lane of travel, Trooper Shortall had the requisite probable cause to conduct a vehicle stop. ***Id.*** at 11.

Testimony at the suppression hearing established that Trooper Shortall was patrolling SR-378 South at approximately 2:40 a.m. N.T. (Suppression), 12/14/18, at 4-5. Trooper Shortall observed a black sedan, driven by Arroyo, completely cross both the center and fog lines three separate times. ***See id.*** at 5, 15-18. Trooper Shortall testified that he first observed Arroyo cross from the right lane into the left lane near the area of the Catasauqua ramp. ***Id.*** at 5. This portion of SR-378 South is a two-lane highway which has oncoming lanes divided by a grassy median. ***Id.*** at 16. Arroyo then crossed the fog line for approximately two to three seconds. ***Id.*** at 17. Trooper Shortall further testified that Arroyo crossed the center line for a second time and that there was another vehicle approximately three car-lengths ahead of Arroyo at this time. ***Id.*** at 16, 18. After Trooper Shortall observed Arroyo cross the center and fog lines three separate times within one mile of travel, he conducted a traffic stop for a violation of driving within single lane. ***See id.*** at 5, 15-18.

Our review confirms that the traffic stop, based on an observed violation of section 3309, was supported by probable cause. ***See*** 75 Pa.C.S.A. § 3309(1); ***see also Feczko***, 10 A.3d at 1292 (finding that police had probable cause to conduct a traffic stop for a violation of driving within single lane where the driver of a vehicle was "weaving within his lane and crossed out of his lane of travel on numerous occasions[]" and, that the driver had created a safety hazard where, despite other vehicles not needing to take evasive action, there were vehicles in the lane adjacent to the defendant); ***Commonwealth v. Slonaker***, 795 A.2d 397, 401 (Pa. Super. 2002) (stating that the trooper had probable cause to conduct a traffic stop for a violation of driving within single lane where the defendant's vehicle crossed over the fog line on three separate occasions). Given the totality of the circumstances, we conclude that the evidence of record supports the suppression court's factual findings, and its legal conclusions are sound. ***See Hampton, supra***. Therefore, we cannot grant Arroyo relief on this claim.

In his second issue, Arroyo contends that the trial court's verdict was against the weight of the evidence.[4] ***See*** Brief for Appellant at 20. Arroyo

---

[4] In his Brief, Arroyo appears to conflate the issues of sufficiency and weight. To the extent that Arroyo raises a sufficiency claim, such claim is waived, as Arroyo failed to a raise a sufficiency challenge in his Statement of Questions Involved. ***See*** Pa.R.A.P. 2116(a) (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***see also Commonwealth v. Harris***, 979 A.2d 387 (Pa. Super. 2009) (stating that issues raised on appeal must be included in

- 6 -

asserts that the Commonwealth did not establish that Arroyo was impaired to the point that he could not safely operate a motor vehicle. *Id.*

Initially, we observe that Arroyo did not assert that the trial court's verdict was against weight of the evidence in a post-sentence motion or orally before the trial court. *See* Pa.R.Crim.P. 607(A) (providing that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial."); *see also Commonwealth v. Gaskins*, 692 A.2d 224, 228 (Pa. Super. 1997) (explaining that "[a]s a general rule, weight of the evidence claims must first be posed to the trial court and cannot be considered for the first time on appeal."). Additionally, Arroyo did not include the weight claim in his Concise Statement. *See* Pa.R.A.P. 1925(b)(4) (providing that issues not included in the concise statement are waived); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (stating that an appellant's concise statement must properly specify the error to be addressed on appeal and that issues not included in the concise statement are generally waived). Therefore, Arroyo's weight claim is waived.

Judgment of sentence affirmed.

---

the statement of questions involved in the appellant's brief). Even if Arroyo had properly raised this claim, we would conclude that Arroyo is not entitled to relief for the reasons set forth by the trial court. *See* Trial Court Opinion, 7/30/19, at 2-7.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/20