J-S14020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN MARTIN BURGESON | : | |
| | : | |
| Appellant | : | No. 1350 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 10, 2022
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0001205-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: July 7, 2023**

Appellant, Ryan Martin Burgeson, appeals from the judgment of
sentence of 48 hours' to 6 months' incarceration, as well as fines and costs of
prosecution, imposed after he was found guilty, following a non-jury trial, of
driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(2), and
careless driving, 75 Pa.C.S. § 3736(a). Herein, Appellant challenges the trial
court's denial of his pre-trial motion to suppress, arguing that there was no
probable cause to support his warrantless arrest. After careful review, we
affirm.

On August 4, 2021, Pennsylvania State Troopers, including Trooper
Tyler Blaniar, responded to a report that a man, later identified as Appellant,
was intoxicated and sitting in his disabled truck in the parking lot of a Pilot

_____

[*] Retired Senior Judge assigned to the Superior Court.

Travel Center in Dubois, Pennsylvania. *See* Trial Court Opinion and Order (TCOO), 5/24/22, at 1. When Trooper Blaniar arrived at the scene, Appellant told him he had struck a guard rail and damaged his tire as he was traveling home from a wedding reception. *Id.* The Trooper noticed that Appellant smelled of alcohol and had watery, bloodshot eyes. *Id.* Appellant admitted he had consumed alcohol prior to driving. He also displayed indications of impairment during several field sobriety tests. *Id.* Trooper Blaniar arrested Appellant and he subsequently consented to a blood draw, which showed that his blood alcohol content (BAC) was 0.159%.

Based on these facts, Appellant was charged with several counts of DUI and multiple summary traffic offenses. On February 22, 2022, he filed a pretrial motion to suppress, arguing that Trooper Blaniar did not have probable cause to arrest him and, therefore, the evidence of his BAC should be suppressed. A hearing was conducted on April 14, 2022. On May 24, 2022, the trial court issued an Opinion and Order denying Appellant's motion to suppress. He proceeded to a non-jury trial on August 18, 2022, at the conclusion of which the court convicted him of the DUI and careless driving offenses set forth, *supra*. On October 10, 2022, the court sentenced Appellant to the term of incarceration stated above. He filed a timely, post-sentence motion, which the court denied. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court subsequently filed a letter stating that it would not be filing any additional opinion in this

case, as the issue set forth in Appellant's Rule 1925(b) statement was addressed in the court's Opinion and Order denying his motion to suppress.

Herein, Appellant states one issue for our review: "Whether the [trial] court erred in denying … Appellant's pre-trial motion to suppress his arrest as being illegal because the arresting officer lacked the requisite probable cause to suspect that Appellant was driving under the influence of alcohol?" Appellant's Brief at 5 (unnecessary capitalization omitted).

To begin, we recognize:

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (cleaned up).

Instantly, Appellant contends that the totality of the circumstances surrounding his interaction with Trooper Blaniar was insufficient to provide the Trooper with probable cause to conduct his warrantless arrest. Specifically, Appellant notes that the video from Trooper Blaniar's police vehicle, which was

entered into evidence at the suppression hearing, shows that he was "not swaying, unsure of his footing[,] or otherwise displaying any of the common characteristics of a person impaired by alcohol." Appellant's Brief at 14. He also stresses that, although he showed a few signs of intoxication during the field sobriety tests, he also was able to successfully complete many aspects of those tests with no indication of intoxication. *See id.* at 14-16. Furthermore, Appellant points out that there were no witnesses to his manner of driving prior to, or at the time of, the single-vehicle accident in which he was involved, and he followed all the instructions given by Trooper Blaniar without issue. *Id.* at 17, 18. Appellant also minimizes his admission to drinking alcohol prior to driving, stressing that it was not known when he had consumed his last drink, and "[a]ny number of things can cause a person to have bloodshot, watery eyes." *Id.* at 19. Thus, Appellant concludes that the totality of the circumstances was insufficient to provide Trooper Blaniar with probable cause to arrest him without a warrant.

We disagree. In the trial court's opinion accompanying its order denying suppression, it explained:

> "Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. Probable cause justifying a warrantless arrest is determined by the totality of the circumstances." ***Commonwealth v. Salter***, 121 A.3d 987, 996-97 (Pa. Super. 2015) [(citation omitted)]. Thus, for [Appellant's] warrantless arrest to be valid, the Troopers must have had enough personal knowledge that a reasonable

- 4 -

person would believe [Appellant] was driving or operating his truck "after imbibing a sufficient amount of alcohol such that [he was] rendered incapable of safely driving…." 75 Pa.C.S. § 3802(a)(1).

During the hearing on [Appellant's pre-trial m]otion, the Commonwealth presented the testimony of Trooper Blaniar. Trooper Blaniar testified that when he approached [Appellant's] truck, he noticed that the front tire was off and the inspection was expired. He also noticed that the truck's engine was running, the lights were on, and [Appellant] was in the driver's seat, alone in the vehicle. While speaking with the Trooper[], [Appellant] reported that he had hit a guardrail and drove into the parking lot without the tire to wait for assistance. [Appellant] also showed the Trooper[] a large scratch on the pavement that was caused by driving his truck on the rim, without the tire.

Trooper Blaniar testified that [Appellant] had watery and bloodshot eyes and smelled of alcohol. Additionally, [Appellant] disclosed that he had been returning from a wedding, where he had consumed alcohol. Upon request, [Appellant] agreed to complete field sobriety tests. Trooper Blaniar testified that during the Horizontal Gaze Nystagmus test, Vertical Gaze Nystagmus test, and the Walk and Turn test, [Appellant] displayed signs of impairment. However, [Appellant] did not show any signs of impairment during the One Leg Stand test. Based on his observations and [Appellant's] statements, Trooper Blaniar determined he had probable cause to arrest [Appellant] for suspicion of [DUI] and requested [Appellant] to submit to a blood draw.

[Appellant] argued that because his speech was not slurred, he successfully completed the One Leg Stand Test, and he was not witnessed driving, the Trooper[] did not have probable cause to arrest him. However, this argument cannot stand. "The applicable standard for determining probable cause calls for a totality of circumstances analysis, not a mechanical consideration of specific factors…. '[P]robable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent [persons] act.'" *Salter*, 121 A.3d at 995 (internal citations omitted). Even though [Appellant] did not have slurred speech, he showed multiple signs of impairment, including watery, bloodshot eyes, an inability to successfully complete all … the field sobriety tests, and, most importantly, involvement in a single vehicle accident. Despite the

fact that [Appellant] did not show signs of impairment during the One Leg Stand test, the Appellate Courts have held that the failure of all field sobriety tests is not necessary to establish probable cause. *See Commonwealth v. Slonaker*, 795 A.2d 397, 402 (Pa. Super. 2002) (holding "the law is well settled that reasonable grounds to arrest does not require the failure of field sobriety tests[]") [(citation omitted)].

TCOO at 2-3.

We agree with the trial court that Trooper Blaniar had probable cause to arrest Appellant based on the totality of the circumstances. Namely, while no one observed Appellant's driving, he admitted that he drove his car into the guard rail, and that he had consumed alcohol prior to driving. Trooper Blaniar noticed that Appellant "had a strong odor of alcoholic beverage emanating from his breath" and "watery, bloodshot eyes." N.T. Suppression Hearing, 4/14/22, at 10. Appellant also showed signs of impairment during field sobriety tests. The fact that Appellant also completed certain aspects of those tests without issue does not negate that Trooper Blaniar observed signs indicating to him, based on his training and experience, that Appellant was intoxicated. Taken together, these facts provided Trooper Blaniar with probable cause to arrest. Therefore, the court did not err in denying Appellant's pre-trial motion to suppress.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2023